## LOUISVILLE & N. R. Co. *v.* J. J. TRENTBY.

[Abstract Kentucky Law Reporter, Vol. 6—95.]

**Wilful Neglect.**

It is wilful neglect for a railroad company to run its train at the rate of twenty-five miles per hour over a crossing used by the public near the depot of a town having twenty-five hundred population, and it can not be maintained that one crossing the track is so negligent as would excuse the railroad company from its neglect in taking life under such circumstances.

### APPEAL FROM SIMPSON CIRCUIT COURT.

June 14, 1884.

OPINION BY JUDGE PRYOR:

There is no objection or exception made or taken to the instructions asked by counsel for the appellee and given by the court. The entire case turned on the question of wilful neglect, and the instruction as modified by the court was as favorable to the appellant as the law when applied to the facts required. The jury was told "that if the deceased by the exercise of his faculties could have seen and heard the approach of the train it was his duty to have used them for his own safety before attempting to cross defend-

ant's tracks, and if he failed or neglected to use his faculties and lost his life in consequence thereof it was his own fault and the jury should find for the defendant, unless they further believe that said killing would have resulted by the wilful neglect of the defendant notwithstanding the want of care on the part of the deceased."

This modification it seems to us could not have prejudiced the appellant, but imposed on the appellee the necessity of satisfying the jury that the accident would have happened although the deceased at the time might have exercised ordinary prudence and caution in crossing the track. This killing took place at or near the depot of the city of Franklin containing near twenty-five hundred inhabitants and at a time when the deceased was crossing the track of the appellant at a point where those about the town usually crossed, and where they had a right to pass. The train was running at the rate of twenty-five or thirty miles an hour, and the more deserved the punishment inflicted by way of smart money if when running at this rapid rate at such a point the lives of those were taken who were unable by reason of their tender years or a crazed intellect to protect themselves against such a danger.

The special finding of the jury determines the right of recovery in this case. The testimony as to the rapidity with which the train moved at the time was conflicting, and we are not prepared to say that the testimony on this branch of the case preponderates in favor of the appellant; and whether so or not the jury hearing the proof has said that the neglect consisted in the fast running of the train, and in such a conclusion from the testimony we are inclined to concur even if the question now presented was one of fact only.

The signal may have been given and doubtless was of the approach of the train, and that no stop would be made at the Franklin depot, still the imminent danger arising to those who had the right to cross at such a place is too apparent to be discussed, and if the deceased lost his life by reason of such a reckless disregard of human life by those managing the train the punishment inflicted was not too severe. Those whose minds have become impaired or from a want of understanding are not able to judge of or appreciate such danger are most likely to suffer, and the testimony on this subject but strengthens the appellee's right of recovery, and if not it is

merely cumulative and the new trial should have been refused (as it was) on the ground filed.

The negligence of those injured may be such as to prevent those running a train from providing against inflicting the injury, but in a case like this, with a train passing the depot of a town with many inhabitants with a common passway across its track at a speed of twenty-five miles an hour, it can not well be argued that the act of one crossing this road at or near the passway is such neglect as would excuse the company from all neglect in taking human life under the circumstances.

The judgment in our opinion should be *affirmed* with damages.

*Wm. Lindsay, for appellant.*

*Halsell & Mitchell, E. W. Hines, for appellee.*